**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE UNITED STATES OF AMERICA
for the use of POSTEL INDUSTRIES, INC,

Plaintiff,

v. CASE NO.: 6:12-cv-1228-RBD-DAB

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA and
FEDERAL INSURANCE COMPANY,

Defendants.
_____________________________________/

**BRASFIELD & GORRIE, L.L.C.'S MOTION TO INTERVENE**

Brasfield & Gorrie, L.L.C. ("B&G"), pursuant to Rule 24(b), Fed. R. Civ. P., moves to intervene in this lawsuit for the purpose of seeking confirmation of an arbitration award entered in its favor against Plaintiff, Postel Industries, Inc. ("Postel"), and would show the following:

JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1332.

2. Postel is a Texas corporation with its principal place of business in Texas.

3. B&G is a Delaware limited liability company with its principal place of business in Alabama.

4. Travelers Casualty and Surety Company of America ("Travelers") is a surety insurer incorporated in Connecticut, whose principal place of business is in Connecticut.

5. Federal Insurance Company ("Federal," or collectively with Travelers, "Sureties") is a surety insurer incorporated in Indiana, whose principal place of business is in New Jersey.

6. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs.

7. This Court is the proper venue for confirmation of the arbitration award, because this is the "district within which such award was made." 9 U.S.C. 9; *see also McGregor & Werner, Inc. v. Motion Picture Lab. Technicians Local.*, 806 F.2d 1003, 1005 (11th Cir. 1986).[1]

FACTUAL & PROCEDURAL HISTORY

8. B&G contracted with the United States Department of Veterans Affairs ("VA") for construction of bid package 4 of the VA Hospital and Clinic project in Orlando, Florida (the "Project"). In accordance with the Miller Act, 40 U.S.C. 3131(b)(2), B&G and Sureties furnished a payment bond to the VA.

9. B&G entered into a subcontract with Postel for fabrication and erection of steel.

10. Postel ultimately abandoned the Project without just cause prior to substantial completion, forcing B&G to incur substantial excess completion and repair expenses.

11. On April 24, 2012, B&G commenced arbitration against Postel with the American Arbitration Association ("AAA"), Case No. 33 110 Y 00127 12 (the "Arbitration"). Postel thereafter commenced this lawsuit, which asserts a purported Miller Act claim against Sureties (Doc. 1). Sureties filed an unopposed "Consent Motion to Compel Arbitration and Stay Lawsuit" on September 5, 2012 (Doc. 13), which this Court granted (Doc. 16).

12. On December 16, 2013, the arbitration panel rendered an award in B&G's favor in the net principal amount of $4,245,837.76.

[1] The FAA applies because the subcontract between B&G and Postel expressly mandates binding arbitration pursuant to the FAA, and because it evidences a transaction "involving commerce." 9 U.S.C 2 (FAA applies to "a contract evidencing a transaction involving commerce"). The U.S. Supreme Court has interpreted the phrase "involving commerce" as signaling "the broadest permissible exercise of Congress' Commerce Clause Power." *Citizens Bank v. Alafabco, Inc.*, 123 S.Ct. 2037, 2040 (U.S. 2003); *Picard v. Credit Solutions, Inc*., 564 F.3d 1249, 1253 (11 Cir. 2009)

13. B&G moves to intervene in this lawsuit to seek confirmation of the arbitration award and entry of judgment. A motion to confirm the award pursuant to 9 USC 9 is attached as **Attachment 1.**

## MEMORANDUM OF LAW

Section 9 of the FAA states: "any party to the arbitration may apply…for an order confirming [an arbitration] award," and "such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. 9.

Section 6 of the FAA clarifies that: "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. 6.

If B&G were a co-defendant to this Miller Act lawsuit, B&G would be entitled to confirmation of the arbitration award and entry of judgment thereon pursuant to Sections 6 and 9 of the FAA. *See, e.g.*, *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288-1289 (11th Cir.2002) ("The Federal Arbitration Act ... imposes a heavy presumption in favor of confirming arbitration awards.... a court's confirmation of an arbitration award is usually routine or summary.") *Washington Mut. Bank, F.A. v. Am. Financial Network*, 414 F.Supp.2d 1155, 1156 (S.D. Fla. 2006) (granting motion to confirm arbitration award pursuant to 9 U.S.C. 9, citing 9 U.S.C. 6); *Spungin v. GenSpring Family Offices, LLC*, 883 F.Supp.2d 1193, 1196 (S.D. Fla. 2012) (same).

B&G should be permitted to intervene in this suit for purposes of confirming the arbitration award pursuant to Federal Rule of Civil Procedure 24(b), which states in part:

**(b) Permissive Intervention**.

**(1)** In General. On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

…

**(3)** Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

**(c) Notice and Pleading Required**. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Plainly, the claims and defenses resolved in the arbitration have "question[s] of law or fact in common" with Plaintiff's Miller Act claim and Sureties' defenses. The arbitrators considered all of B&G's and Postel's respective claims and defenses under the Subcontract and awarded B&G net damages of more than $4 million. The determination of these claims and defenses and net award to B&G precludes Postel's recovery under the payment bond.[2]

Courts considering Rule 24(b)(2) permissive intervention have held that a general contractor's intervention in a suit against its payment bond surety is appropriate to promote judicial efficiency. *See U.S. f/u/b/o Frank M. Sheesley Co. v. St. Paul Fire and Marine Ins. Co.*,

[2] Sureties intend to move for summary judgment on this basis following confirmation of the arbitration award and entry of judgment in B&G's favor. *See U.S., f/u/b/o Eastern Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775 (11th Cir. 1990) (subcontractor's recovery limited to contractual obligations of contractor who remains primarily liable); *U.S., for and on behalf of Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 (5th Cir. 1976) ("doctrine of res judicata would have barred [subcontractor] from relitigating [in Miller Act suit against surety] the issues resolved against it by the arbitrators [in arbitration with contractor]."); *St. Paul Fire & Marine v. La Firenza*, 2007 WL 2010759 *2-3 (M.D. Fla. 2007) ("an arbitration result in favor of [bond principal] renders the [determination of liability under the bond] sought in this action unnecessary."); *U.S. f/u/b/o v. Bencor-Petriford*, 2007 WL 1725468, 3 (N.D. Ind. 2007) (subcontractor's rights to recover from sureties "necessarily depend on whether [contractor] breached its subcontract with [subcontractor]. The liability of the sureties…is limited to the liability of the [contractor].").

239 F.R.D. 404 (W.D. PA 2006); *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co*., 349 F.Supp.2d 934, 938 -939 (D. Md. 2004); *Mahurins Constr. Co. v. Granite RE, Inc*., 2004 WL 2249489, *1 (D. Kan. 2004) (holding that permitting general contractor to intervene in subcontractor's suit against its surety "conform's with Rule 24's central goal of preventing a multiplicity of suits that involve common questions" and "there is no evidence that [claimant] will be unduly prejudiced or delayed in its attempt to recover on the surety bond…"). B&G's permissive intervention would not "unduly delay or prejudice the adjudication of the original parties' rights."

Although the Motion to Confirm Arbitration Award attached to this motion is not a "pleading," it clearly spells out B&G's position in this case and the relief its seeks, and satisfactorily complies with the requirement of Rule 24(c). *See Petrik v. Reliant Pharmaceuticals*, 2007 WL 3283170 (M.D. Fla. 2007) ("Because [intervenor's] motion to intervene and stay [pending arbitration] clearly spells out their position in this case, the failure to attach a formal pleading could not have prejudiced Plaintiff."); *Danner Construction v. Hillsborough County*, 2009 WL 2525486 (M.D. Fla. 2009), citing *Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985) (noting that this District and the Eleventh Circuit have rejected a strict reading of Rule 24(c) construing "pleading" as it is defined in Rule 7).

WHEREFORE, Brasfield & Gorrie, L.L.C. respectfully requests this honorable Court to: (1) grant this motion to intervene; and (2) deem the attached Motion to Confirm Arbitration Award filed the same day this motion to intervene is filed.

Respectfully submitted,

*s/ JASON W. HILL*
John H. Dannecker, Esq.
jhd@shutts.com
Florida Bar No. 0745030
Jason W. Hill, Esq.
jwh@shutts.com
Florida Bar No. 0844551
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: 407-423-3200
Facsimile: 407-425-8316
*Attorneys for Defendants and*
*Brasfield & Gorrie, L.L.C.*

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

Undersigned counsel for Intervenor and Defendants hereby certifies he conferred by telephone with Plaintiff's counsel, Steve Williard, Esq., on December 27, 2013, who is unable to agree to the requested relief.

*s/ JASON W. HILL*
Jason W. Hill, Esq.
jwh@shutts.com
Florida Bar No. 0844551

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2013, the foregoing motion was electronically filed with the Clerk of the Court using CM/ECF system.

*s/ JASON W. HILL*
Jason W. Hill, Esq.
jwh@shutts.com
Florida Bar No. 0844551

ORLDOCS 13234546 2